## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE: WINDSOR WOOD CLAD WINDOW PRODUCT LIABILITY LITIGATION | MDL No. 16-MD-02688 |

This Document Relates to All Cases

## FINAL JUDGMENT

Having entered a Final Approval Order (Dkt. No. 78) (1) granting final approval to the settlement of this action; (2) granting the motion for fees, costs, and service awards; and (3) ordering entry of final judgment, the Court now herein enters final judgment in this separate document pursuant to Fed. R. Civ. P. 58(a), which shall constitute a final adjudication of this case on the merits in accordance with the terms of the Settlement Agreement ("Agreement") and the Final Approval Order. In setting forth the judgment in this separate document, the Court intends only to comply with Fed. R. Civ. P. 58(a) and does not intend to modify any term or condition in the Agreement or in the Final Approval Order. Nor is it modifying either herein. Any perceived conflict between this judgment and either the Agreement or the Final Approval Order should be resolved in favor of the terms and conditions in the Agreement and in the Order.

For good cause shown, it is:

ORDERED, ADJUDGED, AND DECREED THAT:

1. The definitions of terms set forth in the Agreement are incorporated herein as though fully set forth in this judgment.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Agreement, including all Settlement Class Members.

3. The persons or entities listed on the Exhibit 7 to the Settlement Administrator's declaration [Dkt. No. 70] are excluded from the Settlement Class, are not entitled to recovery of any settlement proceeds, and are not bound by this final judgment.

4. The Court hereby dismisses on the merits and with prejudice the Actions, with each party to bear their own costs and attorneys' fees except as otherwise described in the Agreement and Final Approval Order.

5. All persons and entities who are released pursuant to Section X of the Agreement are hereby barred and enjoined from commencing, prosecuting, or continuing against the Windsor Released Parties, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to the subject matter of the Action, as described in Section X of the Agreement.

6. Defendants are hereby and forever released and discharged with respect to any and all claims or causes of action which the Plaintiff Releasing Parties had or have arising out of or related to any of the Released Claims as defined in the Agreement.

7. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction to interpret and enforce the terms of the Agreement, provided, however, that any court or tribunal in which a Plaintiff Releasing Party brings a claim, lawsuit, or proceeding in violation of this Agreement shall have jurisdiction to dismiss the action and take the other actions described in Section XIII of the Agreement.

IT IS SO ORDERED.

Dated: 7/16/18

s/Lynn Adelman
Hon. Lynn S. Adelman
United States District Judge